**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

CORY WINANS,                          )    3:12-cv-0095-RCJ-WGC
                                      )
            Plaintiff,                )
                                      )    **ORDER**
      vs.                             )
                                      )
CCS. THOMAS et al.,                   )
                                      )
            Defendants.               )
_____)

Plaintiff, who is in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 4). He has also filed a motion to alter or amend the judgment (ECF No. 34), a motion for appointment of counsel (ECF No.44), which motion is opposed by respondents (ECF No. 46) and a supplement to the amended complaint (ECF No.37). Based on the financial information provided, the court finds that plaintiff is unable to prepay the full filing fee in this matter. His applications to proceed *in forma pauperis* (ECF Nos. 20, 30, and 42) shall be granted.

The Court has reviewed the various motions and finds that they should be denied.

A.   <u>Motion to Alter or Amend Judgment</u> (ECF No. 34) and <u>Supplemental Complaint (ECF No. 37)</u>

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

/ / /

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

This pleading, which initially appears to seek leave to amend the complaint once again to bring claims of retaliation, ends with a request that the Court transfer plaintiff back to NNCC (Northern Nevada Correctional Center) as a protected witness against the NDOC. Plaintiff was given at least two opportunities to amend his complaint, which efforts were unsuccessful because the pleadings were incomplete and incomprehensible. *See* Screening Order dated May 25, 2012 (ECF No. 17) and Screening Order dated August 3, 2012 (ECF No. 21). The supplemental complaint which was filed without leave of the Court, while more comprehensive in its factual presentation, again attempts to make claims based on the Ninth and Fourteenth Amendments. Plaintiff was advised in the original screening order that such claims were untenable, improper and without a legal basis given the facts alleged.

2

1  Plaintiff's motion to alter or amend the judgment shall be denied and the supplemental complaint
2  shall be stricken from the record.

3  B.     Motion for Appointment of Counsel (ECF No. 44)

4  A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel.
5  *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts
6  are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which
7  a court will make such a request, however, are exceedingly rare, and the court will make the request
8  under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800
9  (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

10  A finding of such exceptional circumstances requires that the Court evaluate both the likelihood
11  of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the
12  complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together
13  in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789
14  F.2d at 1331). The district court has considerable discretion in making these findings.

15  As plaintiff notes in his supplemental complaint, he has been able to successfully settle a
16  previous civil action. This fact, along with his apparent tenacity to pursue his claims leave the Court to
17  conclude that there are no extraordinary circumstances warranting counsel in this instance. This motion
18  shall also be denied.

19  **IT IS ORDERED** as follows:

20  1.     Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 20, 30, 42) are
21         **GRANTED**; however, plaintiff must pay an initial partial filing fee of $6.00 toward the
22         full filing fee of three hundred fifty dollars ($350.00). Plaintiff shall have thirty (30) days
23         from the date this order is entered in which to have the designated fee sent to the Clerk
24         of the Court. Failure to do so may result in dismissal of this action. Furthermore, even
25         if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. §
26         1915(b)(2).

27

28

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall **SEND** plaintiff two copies of this order. Plaintiff is ordered to make the necessary arrangements to have one copy of this order attached to the check in the amount of the designated fee, by sending a copy of the order with the "brass slip" for the amount of the fee to Inmate Services for the Nevada Department of Corrections.

4. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #95448), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

5. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

6. The Attorney General's Office shall within **twenty-one (21) days** of the date of the entry of this order file a notice advising the court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.

7. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

9. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

10. The motion to alter or amend the judgment (ECF No. 34) is **DENIED.** The Supplemental Amended Complaint (ECF No. 37) shall be **STRICKEN FROM THE RECORD**.

11. The motion for appointment of counsel (ECF No. 44) is **DENIED.**

**IT IS SO ORDERED.**

DATED:   December 20, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

5