**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CORY K. WINANS, | ) | 3:12-cv-00095-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CCS THOMAS, | ) | |
| | ) | |
| Defendant(s) | ) | |

Before the court are a series of documents which, when read together, seem to suggest Plaintiff is again attempting to amend his governing complaint in this matter. See, Plaintiff's "Self-Proving Affidavit (Doc. # 58); Plaintiff's "Motion for Leave to File Amended Complaint Fed. Rule Civ. P. 15(a)(2) (Doc. # 59); Plaintiff's "Additional Jurisdiction on Venue" (Doc. # 60); and Plaintiff's "Motion to Leave to Amend and Supplemental Amended Complaint" (Doc. # 64), which is possibly Plaintiff's reply memorandum to Defendants "Response to Various Motions" (Doc. # 62). According to this court's screening order of August 3, 2012 (Doc. # 21), Plaintiff's original complaint (Doc. # 4) is the operative pleading, as the court will explain.

The court screened Plaintiff's initial complaint on March 14, 2012 (Doc. # 3). The screening order noted that Plaintiff would be required to amend his action to specifically identify which "defendants" are allegedly responsible for his civil rights violation and to overcome certain other deficiencies in Plaintiff's pleading as noted in the screening order. (Doc. # 3 at 6.) Plaintiff was informed that he cannot refer to a prior pleading in order to make a proposed amended complaint complete and that "in an amended complaint, as in original complaint, each claim and the involvement

of each defendant must be sufficiently alleged." (Doc. # 3 at 7.) Plaintiff was advised that if his amended complaint was not properly revised so as to comply with the screening order, the action would proceed under Count I only as to Defendant Thomas (*id*. at 7).

A motion for leave to file and amended complaint was docketed on April 13, 2012 (Doc. #9). An "amended complaint" was thereafter docketed on April 16, 2012 (Doc. # 11). Another screening order was entered on May 25, 2012, dismissing the amended complaint without prejudice (Doc. # 17). While Plaintiff was afforded "a final opportunity to amend" (Doc. # 17 at 1), the screening order continued to identify the shortcomings in Plaintiff's pleading, even though the amended complaint consisted of some 290 pages of documents (*id*. at 4.) Plaintiff's complaint was noted as including "eighteen pages of preliminary factual assertions which are stream of consciousness interspersed with legal citations, covering a broad gamut of events and potential claims * * *." (*Id*.) The amended complaint was characterized as being "disorganized" and even "less clear and more incomprehensible than the original." Accordingly, the amended complaint was dismissed and Plaintiff was afforded one final opportunity to amend his complaint. However, the court advised Plaintiff to consider the following if and when he chose to seek to amend his action:

> **Plaintiff is strongly cautioned to take care to set out his claims in plain, short statements. He is also strongly cautioned to retain his supporting documents for later use in the litigation. Documentary support for his claims is not required at this stage and the Court is not a respository for Plaintiff's evidence.** The various exhibits that Plaintiff has submitted will be stricken from the record and returned to Plaintiff. **Plaintiff is advised not to attach exhibits to the second amended complaint or submit them separately in support of his complaint.** If exhibits are submitted with the Second Amended Complaint they will be retained by the Court, but may not be available as evidence, should the matter proceed.

(Screening Order, Doc. # 17 at 5:4-11.)

Plaintiff was advised that if he failed to present a cogent second amended complaint that is "clearly written and complete in and of itself," the court would enter an order dismissing the amended complaint and directing that the matter revert to the original complaint.

Plaintiff thereafter filed a motion for leave to file amended complaint (Doc. # 19), which was screened by the court on August 3, 2012 (Doc. # 21.) The proposed amended complaint which

2

Plaintiff submitted to the court was noted as not complying with the court's earlier admonishments and instructions to Plaintiff. Chief Judge Jones, therefore, ruled as follows:

> Plaintiff has now submitted another amended complaint (hereinafter identified as the proposed amended complaint or PAC) which does not conform to or acknowledge the above admonishment. For example, the proposed amended complaint fails to include the informative background information previously provided in the Nature of the Case section or the original complaint. The proposed amended complaint improperly attempts to incorporate by reference various "allegations" or briefs which are unclear or unidentified. *See, e.g.,* PAC pp. 4-A-1, 5-A-1, 6 and 6-C1. The claims are jumbled or incomplete so as to make it impossible for the Court to discern or understand the allegations plaintiff is attempting to bring. As with his previous attempt to amend, the PAC is disorganized and, as a result, it is less clear and more incomprehensible than the original. As a result, and based upon the Court's previous orders, the proposed amended complaint will not be filed and the case will revert to the original complaint (ECF No. 4) as discussed in the original screening order (ECF No. 3.)

(Screening Order, Doc. # 21 at 5:8-18.)

As a result, the action was directed to proceed on the original complaint (Doc. # 4) as against defendant Thomas only. All other counts and defendants were dismissed with prejudice (Doc. # 21, Order of Chief Judge Robert C. Jones).

The documents now before the court referenced above suffer from all of the infirmities noted in the prior three screening orders entered in this matter. The submissions fail to comply with the requirements of Local Rule 15-1 that an amended complaint be complete in and of itself without reference to any prior pleading. There is no proposed amended complaint to be found in Plaintiff's documents # 58, 59, 60 and 64, that would be complete in and of itself. Nor does Plaintiff even identify any statement of a claim, beyond that asserted in the operative complaint (Doc. # 4) which demonstrates Plaintiff is entitled to relief. Fed. Rule Civ. P. 8(a)(2).[1]

Accordingly, for the reasons stated herein, and as ordered by District Judge Jones, the case has reverted to its original complaint (Doc. # 4). Unless and until Plaintiff submits a reasonably coherent and complete proposed amended complaint for the court's consideration, the case will proceed on

---

[1] Similarly, the court notes that Plaintiff's "motion to alter or amend judgment" (Doc. # 34) was denied by the court in document # 52, wherein the Plaintiff's "supplemental complaint" was stricken from the record.

3

1 | Plaintiff's original complaint (Doc. # 4). (Screening Orders, Docs, ## 17, 21.)

2 | Plaintiff's motions (Docs. # 58, 59, 60 and 64) are **DENIED.**

3 | **IT IS SO ORDERED.**

4 | DATED:   February 7, 2013

6 | _____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4