1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                  **DISTRICT OF NEVADA**

8

9    CORY K. WINANS,                      )          3:12-cv-00095-RCJ-WGC
                                          )
10                  Plaintiff,            )
                                          )
11        vs.                             )                **ORDER**
                                          )
12   CCS THOMAS,                          )
                                          )
13                  Defendant(s)          )
     _____)

14

15        Before the court are a series of documents which, when read together, seem to suggest Plaintiff

16   is again attempting to amend his governing complaint in this matter.  See, Plaintiff's "Self-Proving

17   Affidavit (Doc. # 58); Plaintiff's "Motion for Leave to File Amended Complaint Fed. Rule Civ. P.

18   15(a)(2) (Doc. # 59); Plaintiff's "Additional Jurisdiction on Venue" (Doc. # 60); and Plaintiff's

19   "Motion to Leave to Amend and Supplemental Amended Complaint" (Doc. # 64), which is possibly

20   Plaintiff's reply memorandum to Defendants "Response to Various Motions" (Doc. # 62).  According

21   to this court's screening order of August 3, 2012 (Doc. # 21), Plaintiff's original complaint (Doc. # 4)

22   is the operative pleading, as the court will explain.

23        The court screened Plaintiff's initial complaint on March 14, 2012 (Doc. # 3).  The screening

24   order noted that Plaintiff would be required to amend his action to specifically identify which

25   "defendants" are allegedly responsible for his civil rights violation and to overcome certain other

26   deficiencies in Plaintiff's pleading as noted in the screening order.  (Doc. # 3 at 6.)  Plaintiff was

27   informed that he cannot refer to a prior pleading in order to make a proposed amended complaint

28   complete and that "in an amended complaint, as in original complaint, each claim and the involvement

1   of each defendant must be sufficiently alleged." (Doc. # 3 at 7.)  Plaintiff was advised that if his

2   amended complaint was not properly revised so as to comply with the screening order, the action

3   would proceed under Count I only as to Defendant Thomas (*id*. at 7).

4          A motion for leave to file and amended complaint was docketed on April 13, 2012 (Doc. #9).

5   An "amended complaint" was thereafter docketed on April 16, 2012 (Doc. # 11).  Another screening

6   order was entered on May 25, 2012, dismissing the amended complaint without prejudice (Doc. # 17).

7   While Plaintiff was afforded "a final opportunity to amend" (Doc. # 17 at 1), the screening order

8   continued to identify the shortcomings in Plaintiff's pleading, even though the amended complaint

9   consisted of some 290 pages of documents (*id*. at 4.)  Plaintiff's complaint was noted as  including

10  "eighteen pages of preliminary factual assertions which are stream of consciousness interspersed with

11  legal citations, covering a broad gamut of events and potential claims * * *." (*Id*.)  The amended

12  complaint was characterized as being "disorganized" and even "less clear and more incomprehensible

13  than the original."  Accordingly, the amended complaint was dismissed and Plaintiff was  afforded one

14  final opportunity to amend his complaint.  However, the court advised Plaintiff to consider the

15  following if and when he chose to seek to amend his action:

16                    **Plaintiff is strongly cautioned to take care to set out his claims in**
                    **plain, short statements.  He is also strongly cautioned to retain his**
17                    **supporting documents for later use in the litigation.  Documentary**
                    **support for his claims is not required at this stage and the Court is**
18                    **not a respository for Plaintiff's evidence.**  The various exhibits that
                    Plaintiff has submitted will be stricken from the record and returned to
19                    Plaintiff.  **Plaintiff is advised not to attach exhibits to the second**
                    **amended complaint or submit them separately in support of his**
20                    **complaint.**  If exhibits are submitted with the Second Amended
                    Complaint they will be retained by the Court, but may not be available
21                    as evidence, should the matter proceed.

22  (Screening Order, Doc. # 17 at 5:4-11.)

23          Plaintiff was advised that if he failed to present a cogent second amended complaint that is

24  "clearly written and complete in and of itself," the court would enter an order dismissing the amended

25  complaint and directing that the matter revert to the original complaint.

26          Plaintiff thereafter filed a motion for leave to file amended complaint (Doc. # 19), which was

27  screened by the court on August 3, 2012 (Doc. # 21.)  The proposed amended complaint which

28

1    Plaintiff submitted to the court was noted as not complying with the court's earlier admonishments and

2    instructions to Plaintiff.  Chief Judge Jones, therefore, ruled as follows:

> Plaintiff has now submitted another amended complaint (hereinafter
> identified as the proposed amended complaint or PAC) which does not
> conform to or acknowledge the above admonishment.  For example, the
> proposed amended complaint fails to include the informative
> background information previously provided in the Nature of the Case
> section or the original complaint.  The proposed amended complaint
> improperly attempts to incorporate by reference various "allegations"
> or briefs which are unclear or unidentified.  *See, e.g.,* PAC pp. 4-A-1,
> 5-A-1, 6 and 6-C1.   The claims are jumbled or incomplete so as to
> make it impossible for the Court to discern or understand the
> allegations plaintiff is attempting to bring.   As with his previous
> attempt to amend, the PAC is disorganized and, as a result, it is less
> clear and more incomprehensible than the original.  As a result, and
> based upon the Court's previous orders, the proposed amended
> complaint will not be filed and the case will revert to the original
> complaint (ECF No. 4) as discussed in the original screening order
> (ECF No. 3.)

12   (Screening Order, Doc. # 21 at 5:8-18.)

13       As a result, the action was directed to proceed on the original complaint (Doc. # 4) as against

14   defendant Thomas only.  All other counts and defendants were dismissed with prejudice (Doc. # 21,

15   Order of Chief Judge Robert C. Jones).

16       The documents now before the court referenced above suffer from all of the infirmities noted

17   in the prior three screening orders entered in this matter.  The submissions fail to comply with the

18   requirements of Local Rule 15-1 that an amended complaint be complete in and of itself without

19   reference to any prior pleading.  There is no proposed amended complaint to be found in Plaintiff's

20   documents # 58, 59, 60 and 64, that would be complete in and of itself.  Nor does Plaintiff even

21   identify any statement of a claim, beyond that asserted in the operative complaint (Doc. # 4) which

22   demonstrates Plaintiff is entitled to relief.  Fed. Rule Civ. P. 8(a)(2).[1]

23       Accordingly, for the reasons stated herein, and as ordered by District Judge Jones, the case has

24   reverted to its original complaint (Doc. # 4).  Unless and until Plaintiff submits a reasonably coherent

25   and complete proposed amended complaint for the court's consideration, the case will proceed on

---

[1] Similarly, the court notes that Plaintiff's "motion to alter or amend judgment" (Doc. # 34) was denied
by the court in document # 52, wherein the Plaintiff's "supplemental complaint" was stricken from the record.

3

Plaintiff's original complaint (Doc. # 4).  (Screening Orders, Docs, ## 17, 21.)

Plaintiff's motions (Docs. # 58, 59, 60 and 64) are **DENIED.**

**IT IS SO ORDERED.**

DATED:   February 7, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4