UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CORY WINANS,

        Plaintiff,

vs.

CCS. THOMAS, et. al.

        Defendants.

3:12-cv-00095-RCJ-WGC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

     This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendant's Motion for Summary Judgment. (Doc. # 65.)[1] The court construed a portion of Plaintiff's motion to strike Defendant's motion for summary judgment as his response to the motion. (*See* Doc. # 77.) Defendant filed a reply. (Doc. # 80.)

     After a thorough review, the court recommends that Defendant's motion be granted.

## I. BACKGROUND

     At all relevant times, Plaintiff Cory Winans was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The only defendant is Chandra Thomas. (Screening Order (Doc. # 3).)

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the page numbers from the docketed version and not Defendants' original page numbers.

On screening, the court determined that Plaintiff states a single colorable claim under the First Amendment regarding his right to petition for redress of grievances. (Doc. # 3.) Plaintiff alleges that he was charged and found guilty of being in possession of contraband (a tattoo device). (Doc. # 4 at 9-10.) Plaintiff asserts that on December 18, 2010, he filed a grievance (number 20062912865) appealing the disciplinary finding. (*Id.* at 11. 46.)He asserts that defendant Thomas returned the grievance to him on January 27, 2011, with the warden denying it as untimely because Plaintiff did not serve it within ten days of being served with the results of the disciplinary hearing, as is required under Administrative Regulation (AR) 740. (*Id.* at 11-12, 45.) Plaintiff alleges that defendant Thomas, who originally had retrieved Plaintiff's grievance containing the disciplinary appeal, altered the date from December 18, 2010 to December 28, 2010, placing it outside the ten day period provided in AR 740. (*Id.* at 12.) To support his claim, he says that the grievance shows that defendant Thomas signed it as being received on December 27th, but questions how this could be the case when the date Plaintiff sent it was altered to December 28th, a day after defendant Thomas signed the document as being received. (*Id.* at 15, 46.) Plaintiff asserts that further grievances related to the altered date were denied because the reviewing supervisor was unwilling to believe that prison staff would have a reason to alter the date and because they misidentified the date the grievance was received by defendant Thomas. (*Id.* at 13-14.)

Defendant Thomas moves for summary judgment arguing that she did not alter the date on Plaintiff's grievance; had she done so, Plaintiff's original copy of the grievance would show the date it was signed and dated. (Doc. # 65.) She provides a declaration to this effect. (Doc. # 65-1, Thomas Decl., ¶¶ 3-7.)Even if Plaintiff could prove that she altered the grievance, she further argues that Plaintiff cannot demonstrate that this impeded his ability to assert a nonfrivolous legal claim. (*Id.*) She asserts that he was attempting to grieve his disciplinary conviction and sanction for possession of contraband, and the sixty-day disciplinary sanction imposed was suspended so that there was no consequence to his conditions of confinement. (*Id.*)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In determining summary judgment, a court applies a burden shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of

establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50, 255 (citations omitted).

### III. DISCUSSION

There is a dispute of fact as to whether or not defendant Thomas altered the date on Plaintiff's grievance which appealed the disciplinary determination for the contraband conviction, because the date that defendant Thomas signed the document as being received is December 27, 2010, and the date Plaintiff alleges it was altered to have been signed by him is December 28, 2010. How the document could have been written and signed by Plaintiff on December 28, 2010, but received by defendant Thomas on December 27, 2010 is somewhat mystifying.

That being said, the court finds that defendant Thomas is entitled to summary judgment because she has established that there is no genuine issue of fact as to the actual injury element of Plaintiff's claim. Even taking Plaintiff's version of events as true, the court agrees with defendant Thomas there is no evidence that this conduct caused him an actual injury, *i.e.*, that it hindered his efforts to pursue a nonfrivolous claim concerning his conviction or conditions of confinement. *See Lewis v. Casey*, 518 U.S.343 (1996) (holding that prisoners have a constitutional right of access to the courts, but the prisoner must show actual injury). Here, Plaintiff was trying to appeal a disciplinary conviction, and while he does not specifically allege what actual injury the alteration of the date and denial of his disciplinary appeal caused him, it is reasonable to conclude that he could try to bring a claim for denial of his due process rights.

To bring such a claim, Plaintiff would have to establish a protected liberty interest. *See Wilkinson v. Astrue*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,'...or it may arise from an expectation or interest created by state laws or policies[.]" *Wilkinson*, 545 U.S. at 221 (citations omitted). Plaintiff has not included any allegations that would lead the court to conclude he has a protected liberty interest implicated by the Constitution itself. *See, Chappell v. Mandeville*, 706 F.3d 1052, 1062-63 (9th Cir. 2013) ("only the most extreme changes in the

conditions of confinement" such as "involuntary commitment to a mental institution" and "forced administration of psychotropic drugs" have been found to "directly invoke the protections of the Due Process Clause."). *Sandin v. Conner* held that liberty interests created by the state are generally limited to "freedom from restraints which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Plaintiff has not alleged or presented evidence demonstrating that the conditions of confinement he was faced with as a result of his disciplinary sanction rose to the level of an "atypical and significant hardship." Therefore, the court cannot conclude that he suffered an actual injury so as to preclude the entry of summary judgment on his First Amendment claim.

As a result, the court recommends that summary judgment be granted in defendant Thomas' favor.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** defendant Thomas' motion for summary judgment (Doc. # 65.)

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: July 2, 2013.

                                                      WILLIAM G. COBB
                                                      UNITED STATES MAGISTRATE JUDGE